UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG M. NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CACHE CREEK CASINO RESORT,<br><br>　　　　Defendant. | No. 2:20-cv-01748-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Hung M. Nguyen's ("Plaintiff") Motion for Reconsideration of the magistrate judge's September 4, 2020 Order (ECF No. 5) denying Plaintiff's request to utilize the Court's electronic filing services. (ECF No. 17.) For the reasons set forth below, Plaintiff's Motion is DENIED.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on August 31, 2020. (ECF No. 1.) Concurrently with his Complaint, Plaintiff filed a "Motion of Stipulation to the Court to Grant EFiling Access as Plaintiff as Pro Per Se in This Subject Matter," in which he sought the magistrate judge's permission under Local Rule 133(b)(2) to utilize the Court's electronic case management/filing system ("CM/ECF") for his filings. (ECF No. 3.) On September 4, 2020, the magistrate judge construed Plaintiff's motion as a "Request to File Electronically" and denied Plaintiff's Request. (ECF No. 5.) In response, Plaintiff filed a Notice of Appeal of the magistrate judge's order. (ECF No. 7.) The Ninth Circuit dismissed Plaintiff's appeal on October 15, 2020, due to lack of jurisdiction. (ECF No. 16.) On October 29, 2020, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 17.)

### II. STANDARD OF LAW

A party may object to a non-dispositive pretrial order of a magistrate judge within 14 days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *See id.*; 28 U.S.C. § 636(b)(1)(A). The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C-07-1882-JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-cv-01301-LJO-SKO (PC), 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Under the "clearly erroneous" standard, the district court may only set aside the magistrate judge's factual determinations if it is left with a "definite and firm conviction that a mistake has been committed.'" *See id.* at *1; *see also E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal. (Concrete Pipe)*, 508 U.S. 602, 623 (1993).

1   The magistrate's legal conclusions are reviewed *de novo*. *See Bhan v. NME Hospitals,*
2   *Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). "An order is contrary to law when it fails to apply or
3   misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, No. 1:15-cv-
4   01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. Jun. 9, 2017). However, the district
5   court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City and*
6   *County of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Rather, "a magistrate judge's decision is
7   contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*,
8   655 F. Supp. 2d 169, 172 (E.D. N.Y. 2008). Consequently, "a magistrate judge's order simply
9   cannot be contrary to law when the law itself is unsettled." *Id.*

10  **III.   ANALYSIS**

11  Local Rule 133(b)(2) provides that, absent special permission from the assigned district
12  judge or magistrate judge, all parties appearing *pro se* are prohibited from utilizing the electronic
13  filing system and must instead file and serve paper documents pursuant to the Federal Rules of
14  Civil Procedure and Local Rules. E.D. Cal. L.R. 133(b)(2). In his Request to File Electronically,
15  Plaintiff — appearing *pro se* — requested the magistrate judge's permission to utilize the Court's
16  electronic filing system but provided no explanation or argument in support of his request to be
17  granted an exception to the general rule. (*See generally* ECF No. 3.) In the September 4, 2020
18  Order, the magistrate judge denied Plaintiff's Request on the basis that Plaintiff failed to provide
19  any good cause for deviance from Local Rule 133(b)(2). (ECF No. 5 at 2.) Plaintiff appears to
20  seek reconsideration of this Order on the basis that he has a fundamental right to utilize the
21  Court's electronic filing system under Article I of the U.S. Constitution and various federal laws.
22  (*See* ECF No. 17 at 3–4.)

23  As an initial matter, the Court notes Plaintiff's Motion is untimely and may be denied on
24  this basis alone. *See* Fed. R. Civ. P. 72(a). Nonetheless, Plaintiff's Motion additionally fails
25  because he provides no legal argument or relevant controlling authority in support of his
26  contentions. Instead, Plaintiff merely cites the text of various provisions of the U.S. Code without
27  providing any context for his references and without demonstrating their applicability to the
28  instant matter. (*See* ECF No. 17 at 3–4.) This is insufficient to satisfy the high burden of

establishing the "clearly erroneous" standard required to set aside a magistrate judge's ruling. *See E.E.O.C.*, 301 F.R.D. at 484; *Concrete Pipe*, 508 U.S. at 623.

In sum, Plaintiff has not shown that the magistrate judge's denial of his Request to File Electronically was clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, 2009 WL 3613511, at *1; *Martinez*, 2015 WL 5732549, at *1. Therefore, the magistrate judge's September 4, 2020 Order (ECF No. 5) is affirmed and Plaintiff's Motion for Reconsideration is DENIED.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 17) is hereby DENIED.

IT IS SO ORDERED.

DATED: February 10, 2021

Troy L. Nunley
United States District Judge

4