UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG M. NGUYEN,<br><br>    Plaintiff,<br><br>  v.<br><br>CACHE CREEK CASINO RESORT,<br><br>    Defendant. | No. 2:20-cv-01748-TLN-KJN<br><br>**ORDER** |

  Plaintiff Hung M. Nguyen ("Plaintiff"), proceeding *pro se*, has filed this civil action. (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On January 4, 2021, the magistrate judge filed findings and recommendations which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days.  (ECF No. 31.)  On January 6, 2021, Plaintiff filed Objections to the Findings and Recommendations (ECF No. 32), which have been considered by the Court.  Concurrent with his Objections, Plaintiff additionally requests disqualification of the magistrate judge pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144, which the Court construes as a Motion to Recuse/Disqualify.  (*Id.*)  Also pending before the Court is Plaintiff's Motion to Validate the Notification of State and Local Agency.  (ECF No. 18.)  The Court addresses these additional motions herein.

1    This Court reviews *de novo* those portions of the proposed findings of fact to which

2    objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore*

3    *Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see*

4    *also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed

5    findings of fact to which no objection has been made, the Court assumes its correctness and

6    decides the motions on the applicable law.  *See Orand v. United States*, 602 F.2d 207, 208 (9th

7    Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Britt v. Simi*

8    *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

9    Having reviewed the file under the applicable legal standards, the Court finds the Findings

10   and Recommendations to be supported by the record and by the magistrate judge's analysis.

11   <u>Motion to Recuse/Disqualify</u>

12   In his Objections to the Findings and Recommendations, Plaintiff requests that Magistrate

13   Judge Kendall J. Newman be recused and/or disqualified pursuant to 28 U.S.C. 455 and 28

14   U.S.C. § 144.  (ECF No. 32 at 2.)  To the extent Plaintiff's request may be construed as a Motion

15   to Recuse/Disqualify, the Court finds this Motion is without merit.

16   Federal law provides that a party may seek recusal/disqualification of a judge based on

17   bias or prejudice.  28 U.S.C. § 455 provides circumstances under which a district judge or

18   magistrate judge must disqualify himself.  *See* 28 U.S.C. § 455.  28 U.S.C. § 144 provides

19   circumstances under which a party may seek recusal or disqualification of the judge:

20
21   > Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
22

23   > The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.
24
25
26

27   28 U.S.C. § 144.

28   ///

2

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal.  *See id.*  Indeed, a motion to disqualify a judge cannot be granted absent a clear showing of "deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. McTiernan*, 695 F.3d 882, 891–92 (9th Cir. 2012) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Furthermore, 28 U.S.C. § 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  Therefore, if the affidavit is legally insufficient, then recusal can be denied.  *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

Here, Plaintiff provides no basis for his Motion, other than the bald assertion that the magistrate judge's recent Findings and Recommendations are "frivolous and ludicrous."  (ECF No. 32 at 2.)  Furthermore, the Court finds Plaintiff's attached affidavit is legally insufficient because Plaintiff fails to allege facts that would support the contention that the assigned magistrate judge has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source.  *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) ("An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").  Accordingly, to the extent Plaintiff's objections may be construed as a Motion to Recuse/Disqualify Magistrate Judge Kendall J. Newman, Plaintiff's Motion is hereby DENIED.

Motion to Validate the Notification of State and Local Agency

A review of the docket additionally reveals Plaintiff's Motion to Validate the Notification of State and Local Agency is pending before the Court.  (ECF No. 18.)  In light of the Court's ruling to dismiss this action, Plaintiff's Motion is DENIED as moot.  (ECF No. 18.)

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed January 4, 2021 (ECF No. 31), are adopted in full;

2. To the extent Plaintiff's Objections to the Findings and Recommendations may be construed as a Motion to Recuse/Disqualify Magistrate Judge Kendall J. Newman, Plaintiff's Motion (ECF No. 32) is hereby DENIED;

3. Plaintiff's Motion for Sanctions (ECF No. 29) is DENIED;

4. Defendant's Motion to Dismiss (ECF No. 24) is GRANTED;

5. Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice for lack of subject matter jurisdiction;

6. Plaintiff's Motion to Validate the Notification of State and Local Agency (ECF No. 18) is DENIED as moot; and

7. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:  February 12, 2021

Troy L. Nunley
United States District Judge